UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Bernard McFadden, # 199135, ) | C/A No. 3:04-2421-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Glenn Alwine, M.D., SCDC Medical ) | |
| Director; John A. Davis; Lisa Parnell, Head ) | |
| Nurse, Wateree CI; and Charlette Grecco, ) | |
| Practitioner, Wateree CI, in their official, ) | |
| individual or personal capacities, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Bernard McFadden is an inmate of the South Carolina Department of Corrections ("SCDC"). At the time of the filing of this lawsuit, plaintiff was an inmate with the Wateree Correctional Institution ("WCI"). Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated. In particular, the plaintiff alleges that the defendant was deliberately indifferent to his medical treatment.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. This matter is before the Court on plaintiff's motion for a preliminary injunction filed October 1, 2004, and defendants' motion to dismiss, or in the alternative for summary judgment, filed November 8, 2004.[1] By order filed November 15, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975),

---

[1] Both the Magistrate Judge and this Court have considered matters outside of the pleadings and, consequently, have treated the motion to dismiss or in the alternative for summary judgment as a motion for summary judgment.

1

plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response to the motion on December 15, 2004. On June 17, 2005, United States Magistrate Joseph R. McCrorey issued a Report and Recommendation "Report" analyzing the issues and recommending that the District Court deny the plaintiff's motion for preliminary injunction and grant the defendant's motion for summary judgment. The plaintiff timely filed objections to the Report on July 28, 2004.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

**Facts**

The Court agrees with the factual and procedural background as set forth by the Magistrate Judge in her Report and Recommendation. The Court therefore adopts the Magistrate Judge's version of the facts in this case to the extent such facts are not specifically included herein.

Plaintiff alleges that defendant was deliberately indifferent to his medical needs by failing to

refer him to an orthopaedist, failing to provide him with an MRI, and failing to provide him with surgery. The defendants argue that they have provided medical care to the plaintiff and were not indifferent or deliberately indifferent to his condition.

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

**Discussion**

The plaintiff makes eleven (11) objections to the Report, which he labels (A) through (K). Plaintiff's objections are that the Magistrate Judge erred as follows:

(A) In omitting or not making reference to three (3) affidavits, those of Bernard McFadden, Kelly Tention, and Jerry Howard;

(B) In stating that the plaintiff is unlikely to prevail on the merits of his claim;

(C) In overlooking facts that support his assertion that the defendants refused to provide him with continued orthopaedic care;

(D) In finding that the plaintiff failed to show that defendants were deliberately indifferent to any serious medical need;

(E) In stating that the plaintiff was examined and treated by medical personnel at SCDC on numerous occasions;

(F) In stating that plaintiff filed this action on July 28, 2004;

(G) In relying on the statement of Dr. Alwine that defendants were not deliberately indifferent to a serious medical need of the plaintiff;

(H) In stating that the plaintiff was examined and treated by medical personnel at SCDC on numerous occasions;

(I) In stating that the plaintiff appears to disagree with the type and amount of medical treatment received;

(J) In stating that the plaintiff fails to show that defendants' actions or inactions rose to the level of a constitutional violation; and

(K) In recommending that the plaintiff's motion for preliminary injunction be denied and defendants' motion for summary judgment be granted.

The Court will group plaintiff's objections together in order to most efficiently deal with the issues he has raised. As an initial matter, the Court notes that plaintiff's complaint was received by the Clerk of Court on July 29, 2004 and has a *Houston v. Lack* date of July 19, 2004. However, these dates are

4

irrelevant to the issues presently before the Court. As to those objections that relate to plaintiff's motion for preliminary injunction, the Court will deal with those subsequent to the discussion of defendants' motion for summary judgment because if the motion for summary judgment is granted then all other pending motions, including the motion for preliminary injunction, become moot.

**Affidavits**

The plaintiff argues the Magistrate Judge erred in omitting and/or not referring to his deposition as well as the depositions of Howard and Tention, fellow inmates at WCI. The plaintiff's objections indicate that he wants to rely on these affidavits in order to establish that he was not examined by the defendants to determine whether he had a functional deficit (Howard Deposition) and that he has a functional deficit or inability to use his left hand (Tention Deposition). The medical evidence provided to the Court both by the defendants and the plaintiff indicate that he was seen by medical personnel at WCI on numerous occasions. The medical records that reflect the plaintiff was seen numerous times by WCI personnel cannot be overcome by affidavit testimony to the contrary unsupported by the documentary evidence. Additionally, plaintiff's medical notes on February 2, 2004, state: "X-ray of the left hand reveals evidence of old trauma with subsequent deformities of the first MCP, fifth MCP and distal radius. . . . offer outside elective medical care if [inmate] desires no obvious reason to seek consult at this time." (Plaintiff's Motion in Opposition to Defendants' Motion to Dismiss, Attachment F.) The plaintiff cannot overcome this medical evidence in the record by the affidavit testimony of a lay person.

**Medical Claims**

The plaintiff objects to the Magistrate Judge's finding that he fails to show deliberate indifference to his medical needs. The plaintiff argues that he has a serious medical need "because

5

it is one that requires treatment." (Objections p. 9.) The plaintiff alleges that the defendants knew that he needed an orthopaedic consult and surgery and failed to do so "solely to prevent the state from paying for surgery and related treatment or because of cost." (Objections p. 5.) The plaintiff argues that Dr. Alewine improperly determined that the plaintiff did not need surgery when "Defendant Alewine is not an orthopedists [sic] and did not examine Mr. McFadden to determine whether he had a functional deficit before denying Mr. McFadden's grievance." (Objections p. 7.)

In the case of *Estelle v. Gamble*, 429 U.S. 91 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain." *Id*. *quoting Gregg v. Georgia*, 428 U.S. 153, 169-173 (1976). The Court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle*, 429 U.S. at 103-1005 (Footnotes and internal citation omitted). Despite finding that "deliberate indifference to serious medical needs" was violative of a constitutionally protected right, the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 107.

The Fourth Circuit Court of Appeals has also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id*. at 851 (internal citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*; *supra*; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

In order to establish a prima facie case under the Eighth Amendment, plaintiff must show that, objectively assessed, he had a "sufficiently serious" medical need to require treatment." *Brice v. Virginia Beach Correctional Ctr.*, 58 F.3d 101, 104 (4th Cir. 1995). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (*quoting Monmouth Co. Correctional Institution Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Further, incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. *Estelle*, *supra*. Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Davidson v. Cannon*, 74 U.S. 344, 345-48 (1986); *Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Pink v. Lester*, 52 F.3d 73, 38 (4th Cir. 1995) (*applying Daniels v. Williams and Ruefly v. London*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent

7

conduct."); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987).

Additionally, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 200-03 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. *Estelle, supra*, at 106. ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") Thus, even if the plaintiff were able to show that defendants' actions somehow constituted medical negligence or medical malpractice, these are not actionable under 42 U.S.C. § 1983.

"Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994). Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976); *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D. Kan 1986). Mistakes of medical judgment are not subject to judicial review in a § 1983 action. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975).

As mentioned above, the plaintiff was involved in a motor vehicle accident on November 1, 2002, causing fractures to his left wrist and hand as well as a contusion to his right knee. Although the plaintiff had three hospital visits subsequent to his accident, he did not seek orthopaedic treatment for his injuries until November 26, 2002, when he visited Dr. Colpini at the Moore Orthopaedic Clinic. The plaintiff had follow-up visits with Dr. Colpini each month for the next several months as he wore first a thumb spica cast and then a thumb spica splint. Dr. Colpini's notes indicate that his fracture was heaing well, that there was no obvious deformity of his left hand, and that the plaintiff

was able to make a full fist. On March 18, 2003, plaintiff's last visit to the Moore Orthopaedic Clinic, the plaintiff stated that he was still having problems/discomfort with his wrist. Dr. Colpini ordered an MRI and subsequent follow up, stating that the plaintiff may be a candidate for open reduction internal fixation and bone grafting.

Plaintiff was arrested on March 30, 2003, and subsequently incarcerated at the Sumter-Lee Regional Detention Center. He was convicted on September 23, 2003, and sent to Kirkland Reception and Evaluation Center on September 29, 2003. In his orders on October 7, 2003, Dr. Beinor of the Kirkland Corrections facility stated: "make arrangements at assigned institution for outside care/his lawyer will help." Defendants state that McFadden has been encouraged to obtain surgery and/or outside care since his incarceration. On or about November 18, 2003, plaintiff was transferred to WCI.

Plaintiff's allegation is based on Dr. Colpini's March 18, 2003, notes which indicate that plaintiff is to receive an MRI and that he may be a candidate for surgery. However, WCI's decision as to whether or not to have an MRI performed on the plaintiff was a discretionary medical decision. The Supreme Court in *Estelle* stated that "the questions whether an x-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of medical judgment. A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment." *Estelle, supra* at 107. While WCI did not order an MRI for the plaintiff, his medical records indicate that an x-ray was ordered. Plaintiff was sent to the KCI Orthopaedic Clinic on July 26, 2004. As a result of that visit, it was recommended that he have a wrist splint for a month and to return to the Orthopaedic Clinic if his pain persisted. Additionally, the Court points out that Dr. Colpini stated that the plaintiff ***may*** be a candidate for surgery. Its entirely possible that Dr. Colpini could have decided,

9

just like the medical professionals at WCI, that the plaintiff did not ***require*** surgery. According to SCDC policy, while "[e]lective treatment or surgery may be recommended by consulting surgeons or physicians, the final decision regarding the necessity of surgery or treatment will be made by the authorizing physician at the SCDC." (Defendants Exhibit 23, Policy HS 18.15, section 5.10.)

Here, McFadden has failed to carry his burden of showing a disputed issue of material fact. The medical records demonstrate that McFadden did not have a serious medical condition within the meaning of *Estelle*. Plaintiff has failed to provide evidence that his medical needs were serious or life threatening and the defendant was deliberately and intentionally indifferent to those needs. Further, the medical attention McFadden received is well documented, which undercuts the claim that any defendant was deliberately indifferent to his needs. The proper inquiry in an Eighth Amendment medical indifference case is whether the prison officials disregarded a serious medical condition; the plaintiff's agreement or disagreement with the treatment is irrelevant. *Lamb*, 633 F. Supp. at 353. To the extent McFadden wanted more or different treatment than his doctor prescribed, i.e., surgery, and to the extent McFadden disagreed with his doctor, such claims are not actionable in a civil rights action. *Russell*, 528 F.2d at 319.

Having determined that defendants are entitled to summary judgment, this Court need not address any other pending motions, including plaintiff's motion for preliminary injunction.

### <u>Conclusion</u>

After a review of the case law and record before it, the Court adopts the Report of the Magistrate Judge, incorporates it herein, and overrules plaintiff's objections. For the reasons stated therein and in this order, defendants' motion for summary judgment is **GRANTED**. All pending motions are **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

August 3, 2005
Florence, SC